## H. C. McKibben et al. v. A. S. Harris.

Filed April 8, 1898. No. 7977.

1. **Justice of the Peace: Bill of Particulars: Review.** In error proceedings it will not be assumed that no bill of particulars had been filed with a justice of the peace before he rendered the judgment assailed, when, before said judgment, no such question was raised.

2. ———: **Indorsement on Summons: Review.** In error proceedings prosecuted by a defendant to procure the reversal of a judgment rendered against him on default, by a justice of the peace, prejudicial error will not be presumed from the mere fact that the indorsement on the summons was that judgment in case of default would be for a certain sum with interest, when on the face of the summons there was a recitation that interest was claimed at ten per cent per annum, this rate with the principal justifying a judgment in excess of that actually rendered.

Error from the district court of Dawson county. Tried below before Neville, J. *Affirmed.*

*E. A. Cook,* for plaintiffs in error.

*Warrington & Stewart, contra.*

Ryan, C.

This proceeding is for the review of alleged errors in the rendition of a judgment against plaintiffs in error by a justice of the peace of Dawson county. It is first urged that his transcript fails to show that the justice of the peace had before him any evidence when he rendered judgment. The recitations of the docket entry with reference to this branch of the case were as follows: "December 16, 1893. Defendants having failed to appear at 1 o'clock P. M., and, for one hour thereafter, having made default, and this cause coming up for hearing on plaintiff's evidence, I find for the plaintiff." We cannot assume that there was no evidence in the face of this recitation to the contrary. It is, however, insisted that this recitation does not disclose, and that by no other

means was it disclosed, that there was on file, or in the possession of the justice of the peace, a bill of particulars or anything that should be assumed to be a sufficient substitute therefor.   If there was anything in this proposition it should have been urged before judgment.   By the service of summons in a case duly docketed the justice of the peace acquired jurisdiction of the persons of the defendants, and any irregularity in the exercise of that jurisdiction, to be available in error proceedings, should, in the proper time, have been challenged.

It is insisted that the judgment was for a larger sum than the indorsement on the summons showed that judgment would be taken for, in case of a default.   On the face of the summons there were recitations that the suit was for the recovery of judgment for $110.60, evidenced by a promissory note, duly described, with interest at ten per cent per annum from March 4, 1893.   The indorsement on the summons was as follows: "If the defendant fail to appear, the plaintiff will take judgment for the sum of $110.60, together with interest thereon from the 3d day of March, 1893."   The judgment was for $118.48, which is less than plaintiff was entitled to if the interest had been reckoned at ten per cent per annum.   It was in excess of the principal and interest thereon reckoned at seven per cent.   In this proceeding it should not be assumed that there was prejudicial error in resorting to the express recitations on the face of the summons, which defined the rate of interest demanded, where the indorsement did not assume to do more than state that interest should be included in the judgment if rendered by default.   The judgment of the district court of Dawson county, which was in consonance with these views, is, therefore,

AFFIRMED.